(89 Misc. Rep. 110)

## In re PANCOAST'S ESTATE.

(Surrogate's Court, New York County. January 16, 1915.)

TAXATION ☞384—TRANSFER TAX—SUFFICIENCY OF EVIDENCE—VALUATION OF STOCK.

Evidence on an executor's appeal from the appraiser's valuation of certain shares of stock belonging to the estate *held* to sustain the appraiser's valuation of $125 a share.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 620, 621, 635; Dec. Dig. ☞384.]

In the matter of the estate of Richard Pancoast. From the finding of the appraiser as to the value of certain shares of stock belonging to the estate, the executor appeals. Order fixing tax affirmed.

J. S. & H. A. Wise, of New York City (John S. Wise, Jr., of New York City, of counsel), for executor.

Edward F. Boyle, of New York City (Ellwood M. Rabenold, of New York City, of counsel), for state comptroller.

FOWLER, S. This appeal by the executor of decedent's estate brings up for review the finding of the appraiser as to the value of the shares of stock in the Jersey City Galvanizing Company held by the decedent at the time of his death. It is conceded by the executor that the statement of assets and liabilities of the company which is attached to the appraiser's report is a correct transcript from the books of the company. If the valuations contained in this statement were correct, the book value of the stock would be about $186 a share. The president of the company testified, however, that the value of the assets as entered on the books of the company was not correct, that these values were 25 to 50 per cent. higher than the actual values, and that they were retained on the books for the purpose of assisting the company in obtaining credit. When the corporation wishes to obtain credit, it refers to its books, which show net assets of $149,022, or a value of $186 a share. When the state attempts to assess a tax upon the interest of a stockholder in the company, the president of the company testifies that the actual value of the assets is about 50 per cent. of the book value, and that the value of the stock is only about $50 a share. I regret to say that in law little credence can be given to the evidence of persons who make such admissions of deliberate misrepresentation. There may be extenuating facts not presented of record. It is difficult for the surrogate to reconcile the conflicting statements of value, and therefore it is practically impossible to arrive at a valuation that is more than approximately correct. The testimony in regard to alleged sales of stock is not conclusive, as such sales were not made in the open market, and the price at which the sales were made five years after the date of decedent's death cannot be taken into consideration in a proceeding to ascertain their value at the date of his death. I cannot, therefore, find from the evidence in this matter that the appraiser's valuation of $125 a share is excessive.

The order fixing tax will be affirmed.